PER CURIAM.
Lewis E. Boshell sued Penn Woods, as mayor of Jasper, and the Jasper Police Department, alleging that the defendants had wrongfully seized and withheld a telephone. He alleged that the telephone was rented from American Telephone and Telegraph Company; he sought to recover $11.16 that he says he incurred as rental charges to AT & T during the time of the allegedly wrongful withholding of the tele *899 phone (the telephone apparently was returned shortly after the complaint was filed) and to recover $5,000,000 in punitive damages. The trial court dismissed his complaint, and he appeals.
The defendants, in support of their motion to dismiss, claimed that Bo-shell had failed to state a claim upon which relief could be granted; that pursuant to Ala.Code 1975, § 11-47-23, the action was barred by the statute of limitations; and that venue was improper in Winston County-
On appeal, Boshell argues that the trial court erred in dismissing his complaint. This Court has stated:
“Where a 12(b)(6) [, A.R.Civ.P.,] motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail.”
Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985) (citation omitted).
After reviewing the record and Boshell’s brief on appeal (appellees did not file a brief), we conclude that the trial court's dismissal was improper. It is clear that Boshell’s pro se complaint alleging the wrongful seizure and withholding of the telephone and seeking the rent due on the telephone while it was in police custody states a cause of action sufficient to withstand the defendants’ Rule 12(b)(6) motion. From the record before us, it also appears that this suit was filed within the six-months limitations period set out in § 11-47-23. See Browning v. City of Gadsden, 359 So.2d 361 (Ala.1978). Finally, the fact that venue was improper in Winston County would not warrant dismissal of Boshell’s action but, rather, a transfer of the action to a court where venue would be proper. See Rule 82(d)(1), Ala.R.Civ.P.
The judgment of dismissal is, therefore, due to be reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS and STEAGALL, JJ., concur.