MURDOCK, Judge.
This is a declaratory-judgment action concerning workers’ compensation benefits. Douglas W. Chatmon petitions this court for a writ of mandamus directing the Birmingham Division of the Jefferson Circuit Court to transfer this case to the Bessemer Division of the Jefferson Circuit Court. We grant the petition and issue the writ.
In May 2004, Chatmon retired from his employment with United States Steel Corporation (“U.S. Steel”). On August 10, 2004, U.S. Steel received a letter from Chatmon’s attorney claiming that Chatmon had sustained a work-related injury to his back due to gradual deterioration or cumulative physical stress. Chatmon claimed that this injury arose out of his employment with U.S. Steel. Chatmon had been employed at a U.S. Steel facility located within the Bessemer Division.
On August 16, 2004, U.S. Steel filed an action (“the Birmingham action”) against Chatmon in the Birmingham Division seeking a judgment declaring that Chat-mon’s alleged injuries did not arise out of or in the course of his employment with U.S. Steel and that U.S. Steel did not owe any workers’ compensation benefits to Chatmon.
On August 18, 2004, Chatmon filed an action (“the Bessemer action”) against U.S. Steel in the Bessemer Division seeking workers’ compensation benefits with respect to his alleged back injuries.
On August 19, 2004, Chatmon filed a motion to dismiss the Birmingham action, alleging (1) that U.S. Steel’s complaint failed to state a claim upon which relief could be granted, (2) that a workers’ compensation action was pending in the Bessemer Division, which was the proper venue for such an action, and (3) that all claims advanced in the Birmingham action could be asserted in the Bessemer action. The only relief sought in this motion was the dismissal of the Birmingham action; *1001 the motion did not request that the Birmingham action be transferred to the Bessemer Division.
U.S. Steel filed a response to Chatmon’s motion to dismiss. On November 27, 2004, the trial court in the Birmingham action denied Chatmon’s motion to dismiss.
On October 14, 2005, Chatmon filed a motion in the Birmingham action requesting that the trial court transfer the action to the Bessemer Division, arguing that Act No. 213, Ala. Local Acts 1919 (“the Bessemer Act”), required the transfer of the action to the Bessemer Division, which had exclusive venue over actions arising within the Bessemer Division. On December 5, 2005, U.S. Steel filed a response arguing that, pursuant to Ala.Code 1975, § 6-2-3(b), venue was proper in the Birmingham Division because Chatmon resided there.
On December 8, 2005, the trial court in the Birmingham action denied Chatmon’s motion to transfer. Chatmon filed this petition for a writ of mandamus within 42 days after the entry of the order denying his motion to transfer.
Chatmon contends that the trial court erred in denying his motion to transfer because, he says, this action arose in the Bessemer Division and the Bessemer Division is therefore the exclusive venue for this action.
U.S. Steel contends (1) that Chatmon’s petition was untimely because it was filed more than one year after the trial court denied Chatmon’s initial motion to dismiss and (2) that venue is proper in the Birmingham Division under Ala.Code 1975, § 6 — 3—2(b), because Chatmon resides within the Birmingham Division.
The threshold question to be decided is whether Chatmon’s mandamus petition is timely. Rule 21(a)(3), Ala. R.App. P., governs the time for filing mandamus petitions, and it provides, in pertinent part:
“The petition [for a writ of mandamus] shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of a trial court ... shall be the same as the time for taking an appeal. If a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.”
Citing Ex parte Troutman Sanders, LLP, 866 So.2d 547 (Ala.2003), and Ex parte Pelham Tank Lines, Inc., 898 So.2d 733 (Ala.2004), U.S. Steel argues (1) that Chatmon’s petition is untimely because it was filed more than 42 days after the denial in November 2004 of Chatmon’s initial motion to dismiss and (2) that Chat-mon’s October 2005 motion to transfer should be disregarded because it was in effect a “motion to reconsider” that did not extend the time for filing a mandamus petition.
In Troutman Sanders, the defendants filed a motion to dismiss on the ground of forum non conveniens. After this motion was denied, the defendants filed a “motion to reconsider,” which was also denied. Within 42 days after the denial of the “motion to reconsider,” but more than 42 days after the denial of the motion to dismiss, the defendants filed a petition for a writ of mandamus. Our Supreme Court held that the filing of an interlocutory “motion to reconsider” did not extend the time for filing a petition for a writ of mandamus and that the petition was therefore untimely. 866 So.2d at 550.
U.S. Steel’s argument fails because the motion at issue in this case is not a motion to reconsider the trial court’s 2004 order refusing to dismiss U.S. Steel’s action. *1002 The order for which Chatmon seeks review is the order of December 8, 2005, which denied Chatmon’s October 2005 motion to transfer the action.[1] Chatmon’s petition was filed within 42 days after the issuance of the order denying the October 2005 motion to transfer.
In Ex parte Daniels, 941 So.2d 251 (Ala.2006), our Supreme Court determined that a petition for a writ of mandamus seeking a transfer of the action was timely when filed in response to a trial-court order denying a motion to transfer, rather than in response to a previous trial-court order denying a motion to dismiss for failure to state a claim.[2] The initial motion, to dismiss the action, did not assert that venue was improper. Our Supreme Court held that, after the issuance of the first order, the defendants “could not have sought a writ of mandamus directing the trial court to transfer the case because the trial court’s order did not address a request to transfer.” Ex parte Daniels, 941 So.2d at 258.
Similarly, in this case, Chatmon could not have sought a writ of mandamus in November 2004 directing the trial court to transfer the action. Although Chatmon’s August 2004 motion did assert that the Bessemer Division was the proper venue for his action, that motion did not request a transfer of the Birmingham action to the Bessemer Division.[3] Thus, we conclude that Chatmon’s petition was timely because it was filed within 42 days after the entry of the December 8, 2005, order, which is the order for which Chatmon seeks review.
The second issue that this court must decide is whether the circumstances of this case warrant the issuance of a writ of mandamus.
“ ‘The question of proper venue for an action is determined at the commencement of the action.’ Ex parte Pratt, 815 So.2d 532, 534 (Ala.2001). ‘If venue is not proper at the commencement of an action, then, upon motion of the defendant, the action must be transferred to a court where venue would be proper.’ Ex parte Overstreet, 748 So.2d 194, 196 (Ala.1999). ‘A petition for a writ of mandamus is the appropriate means for challenging a trial court’s refusal to transfer an action and such a petition is due to be granted if the petitioner makes a clear showing of error on the part of the trial court.’ Ex parte Alabama Power Co., 640 So.2d 921, 922 (Ala.1994).”
Ex parte Walter Indus., Inc., 879 So.2d 547, 548-49 (Ala.2003).
Section 2 of the Bessemer Act provides, in pertinent part:
“The said Circuit Court of the Tenth Judicial Circuit, holding at Bessemer, as in this Act provided, shall have, exercise and possess all of the jurisdiction and the powers which are now or which may hereafter be conferred by law on the several Circuit Courts of this State, which said jurisdiction and powers shall *1003 be exclusive in, limited to, and extend over that portion of the territory of the County of Jefferson, which is included in the following precincts, to-wit: [listing the precincts composing the Bessemer Division], as said precincts are at present constituted, and from and over the above mentioned and described territory all jurisdiction and powers heretofore or now exercised or existing therein by the Circuit Court of the Tenth Judicial Circuit, as now held at Birmingham, is hereby expressly excluded.”
Section 2 of the Bessemer Act contains no language that would appear to limit the cases in which venue is appropriate in the Bessemer Division only to those cases in which the cause of action arises in that division. To the contrary, the Bessemer Act provides that the Bessemer Division “shall have, exercise and possess all of the jurisdiction and the powers which are now or which may hereafter be conferred by law on the several Circuit Courts of this State.” In Ex parte Central of Georgia Railway Co., 243 Ala. 508, 10 So.2d 746 (1942), however, our Supreme Court interpreted Section 2 of the Bessemer Act to mean that “the court at Bessemer has exclusive jurisdiction of all civil actions at law upon causes of action arising in the territorial jurisdiction of that court, and such jurisdiction is limited to suits upon causes of action arising within such territory.” 243 Ala. at 513, 10 So.2d at 750 (quoted with approval in Ex parte Walter Indus., Inc., 879 So.2d at 550).[4] This court, of course, is bound by the decisions of our Supreme Court. Lisenby v. Simms, 688 So.2d 864, 867 (Ala.Civ.App.1997).
More recently, a majority of our Supreme Court reaffirmed the approach reflected in Ex parte Central of Georgia Railway, stating:
“In [Ex parte Alabama Mobile Homes, Inc., 468 So.2d 156 (Ala.1985)], this Court employed a two-step analysis to determine whether an action should be brought in the Bessemer Division. First, we must determine whether Jefferson County is the proper venue for the action. Id. at 161. If the case was properly brought in Jefferson County, then
“ ‘we must determine which of the two divisions the case should have been filed in. An action must be brought in Bessemer if it “arises” within the territorial boundaries of the Bessemer Cutoff. Local Act No. 213, § 2, p. 62, Ala. Acts 1919. All suits maintainable in Jefferson County which do not arise in Bessemer should be brought in the Birmingham Division.’
“468 So.2d at 161-62.”
Ex parte Walter Indus., Inc., 879 So.2d at 553 (emphasis omitted). Accordingly, under the decisions of our Supreme Court, the dispositive question in the present case is limited to whether the action arose in the territory of the Bessemer Division.
A tort claim for bodily injury arises where the injury occurs. Ex parte Birmingham Southern R.R., 473 So.2d 500, 501 (Ala.1985) (a Federal Employers’ Liability Act action should have been filed in the Bessemer Division because the injuries occurred there); Ex parte Walter Indus., Inc., 879 So.2d at 553 (action to recover for wrongful death from a mining *1004 accident “arose” in Tuscaloosa County, where decedents were killed); Winn-Dixie Montgomery, Inc. v. Bryant, 421 So.2d 1254, 1256 (Ala.1982) (noting, in a case involving the Bessemer Act, that “a case arises wherever the alleged wrong occurs”); and Ex parte Central of Georgia Ry., 243 Ala. at 511, 10 So.2d at 748 (a wrongful-death action arose at the time and place of the injury causing the death). Thus, Chatmon’s claim for workers’ compensation benefits arose in the Bessemer Division, where he was employed and where the injury allegedly occurred.
Based on the foregoing, we are constrained to hold that venue as to U.S. Steel’s action must be set in the Bessemer Division of Jefferson County. Therefore, pursuant to Ala.Code 1975, § 12-11-11, we direct the trial court to transfer this case to the Bessemer Division.
PETITION GRANTED; WRIT ISSUED.
CRAWLEY, P.J., and THOMPSON and BRYAN, JJ., concur.
PITTMAN, J., concurs specially.

. Chatmon’s October 2005 motion was Chat-mon's first and only motion requesting a transfer of the action.

. The claims at issue in Ex parte Daniels were against officers of the Alabama Department of Corrections. Section 6-3-9, Ala.Code 1975, allows an action of that nature to be transferred to Montgomery County at any time before trial. See Ex parte Daniels, supra.

.We note that U.S. Steel does not argue (1) that the October 2005 motion to transfer was precluded by the denial of Chatmon’s prior motion to dismiss or (2) that Chatmon waived any right to a transfer of the action based upon improper venue by failing to request such a transfer in his initial motion to dismiss. See generally, e.g., Rules 12(b)(3) and 12(h)(1), Ala. R. Civ. P.

. One apparent, but seemingly inappropriate, result of this interpretation is that a case in which a cause of action arises in some county other than Jefferson County, and in which venue is proper in Jefferson County only because of the residence of a party in the Bessemer Division of Jefferson County, and indeed where the party’s residence in the Bessemer Division is the only circumstance tying the lawsuit to Jefferson County, nonetheless must be brought in the Birmingham Division of the county.