I concur in the main opinion. I write specially to note that this case arguably differs from Ex parte Daniels,941 So.2d 251 (Ala. 2006), in that Chatmon, in his August 2004 motion to dismiss, did assert that the Bessemer Division was "the proper place of venue for this action." However, according to our Supreme Court, improper venue is not a valid basis for the dismissal of a case if the case is capable of beingtransferred to "a court where venue would be proper."See Boshell v. Jasper Police Dep't, 558 So.2d 898, 899
(Ala. 1989). Thus, the trial court's November 2004 denial of the remedy of dismissal, which was the only remedy sought in Chatmon's August 2004 motion, was proper even though, as the main opinion amply demonstrates, U.S. Steel's action was brought in an improper venue.[5] For that reason, I cannot agree with U.S. Steel's position that Chatmon's October 2005 motion totransfer impermissibly sought "reconsideration" of the trial court's November 2004 decision not to dismiss the action so as to render Chatmon's mandamus petition presumptively untimely under Rule 21(a), Ala. R.App. P., and Ex parteTroutman Sanders, LLP, 866 So.2d 547 (Ala. 2003).
[5] Thus, a court reviewing a hypothetical petition for a writ of mandamus challenging the trial court's November 2004 order might well have determined that no "imperative duty upon the respondent to perform" existed (see generally Ex parteAlfab, Inc., 586 So.2d 889, 891 (Ala. 1991)).