298 So.2d 244

**John David JORDAN, Individually and for all others similarly situated**

v.

**GUARANTY PEST CONTROL, INC., a corporation, et al.**

**SC 686.**

Supreme Court of Alabama.

July 25, 1974.

Drake, Knowles & Still, University, for appellant.

Lewis K. Cato and James B. Morton, Birmingham, for Guaranty Pest Control, Inc. and Lloyd E. Clayton.

Donald B. Sweeney, Jr., Birmingham, for Joan Anderson, Clerk, and E. David Haigler and Arnold Drennen, Judges of the Civil Court of Jefferson County, Ala.

JONES, Justice.

This is an appeal from the Circuit Court of Pickens County, in Equity, which denied appellant-complainant John David Jordan's request for declaratory and injunctive relief against the practice of taking judgments in the Civil Court of Jefferson County against non-residents of Jefferson County.

The sole dispositive issue is whether the Civil Court of Jefferson County [created by Act 96, 1965 Regular Session of the Alabama Legislature] has jurisdiction to entertain a suit brought by a Jefferson County resident against a Pickens County resident who lives outside the territorial jurisdiction of the Civil Court, when the Pickens County resident was properly and duly served with process but voluntarily waived his right to appear in court to raise the question of venue. We answer in the affirmative and hold that the judgment rendered by the Civil Court of Jefferson County was a valid judgment and not subject to collateral attack. We affirm.

Appellees may be divided into two groups: (1) The "court defendants" (E. David Hagler and Arnold Drennan, judges of the Civil Court of Jefferson County, and Joan Anderson, clerk of that court), and (2) the "corporate defendants" (Guaranty Pest Control, Inc., and its attorney, Lloyd E. Clayton) who brought the original action in the Civil Court.

Appellant entered into a contract with the "corporate defendant" in Pickens County. A dispute arose over the contract and the "corporate defendant," a resident of Jefferson County, brought suit and obtained a default judgment in the Civil Court of Jefferson County against the appellant, who admits he was properly and duly served.

Appellant attempted to attack that judgment in the Circuit Court of Pickens County, but the Court held that it had no

jurisdiction over the "court defendants" and dismissed them as defendants. Thereafter, following the answer of the "corporate defendants," the Circuit Court dismissed the complaint as to them.

The resolution of the main issue is concerned with a differentiation of the terms *venue* and *jurisdiction*. An analysis of the pertinent portions of Act 96, 1965 Regular Session of the Alabama Legislature (creating the Civil Court of Jefferson County), is essential to our inquiry.

"*Section* 2. . . . This Court shall be a Court of Record and shall have concurrent jurisdiction with the Circuit Court, Tenth Judicial Circuit of Alabama, Birmingham Division, sitting at Birmingham, and similar jurisdiction in precinct 53, which may lie outside the present jurisdiction of the said Circuit Court of the Tenth Judicial Circuit of Alabama, Birmingham Division, in all cases where the amount in controversy exceeds the sum of One Hundred Dollars ($100.00) and does not exceed the sum of Three Thousand Dollars ($3,000.-00); . . .

" . . . .

"*Section* 5. This Court shall have jurisdiction of civil actions only and shall have no jurisdiction in equity or . . .

"*Section* 6. The territorial jurisdiction of this Court shall not extend over that portion of Jefferson County which is included in Precinct 33. The territorial jurisdiction of this Court shall extend over all other precincts in Jefferson County, except that specifically excluded here-in-above.

" . . . .

"*Section* 21. Any process from said Court, however, shall under existing law relating to service of processes from civil courts be legally served by a Sheriff of the county . . . . The processes from said Court shall be executed by the Sheriff of the County, or his duly authorized deputy, of the County in which such processes are to be served or executed."

■ Part of the confusion arises from the various meanings which can be assigned to the word *jurisdiction* as the legislature has used it in this Act. Section 6 of the Act sets out the territorial jurisdiction of the Court. The words "territorial jurisdiction" in this context necessarily refers to the *venue* of the Court. The Alabama Supreme Court has used the words "territorial jurisdiction" to mean venue in the case of Woolf v. McGaugh, 175 Ala. 299, 57 So. 754 (1911).[1]

"Territorial jurisdiction, or venue, may be waived, at least in personal actions."

In Section 2 of the Act the term *jurisdiction* is used to refer both to jurisdictional or territorial area and subject matter jurisdiction. We note that this section states that the jurisdiction of the created Court shall be concurrent with that of the Circuit Court of the Tenth Judicial Circuit of Alabama, Birmingham Division, and shall also extend to Precinct 53 which lies outside the territorial jurisdiction of the Circuit Court of the Tenth Judicial Circuit of Alabama, Birmingham Division.

As used here, the term *jurisdiction* can only be interpreted to mean *venue* since the language indicates that the legislature was denoting the territorial area over which the Civil Court would sit when it extended this area to Precinct 53, an area over which the Circuit Court does not have venue. Additionally, since the subject matter jurisdiction of the Circuit Court is certainly not restricted to matters that are wholly within the Birmingham Division, it seems clear, both by implication and as

---

1. Also, see this case for a good discussion of the classical distinction between jurisdiction and venue and the legal consequences incident thereto.

specifically set out in Sections 2 and 5, that the legislature did not intend the subject matter jurisdiction of the Court being created to be limited to matters arising solely within the territory where its territorial jurisdiction was laid since Section 21 of the Act provides for statewide service of process.

■ By reading Section 21 of the Act together with Title 62, § 184, Code of Alabama 1940 (Recomp. 1958), a local law applicable to Jefferson County, which states that "[t]he processes of all statutory inferior courts . . . in the county, shall run to any lawful officer of the state and be served or executed by the sheriff (or his duly authorized deputy) of the county in which such processes are to be served or executed . . .", it is apparent that the Civil Court of Jefferson County may serve its process anywhere within the State of Alabama and thereby obtain jurisdiction over a party properly served. Jurisdiction of the person is acquired by the court's own action such as its process regularly issued and served. Lamar v. Commissioners' Court of Marshall County, 21 Ala. 772 (1852); Woolf v. McGaugh, supra.

■ Having thereby determined that the Civil Court of Jefferson County may obtain jurisdiction over a resident of Alabama by properly serving process on him, and from the stipulation of the parties that the appellant was properly and duly served, we conclude that the Civil Court of Jefferson County had personal jurisdiction of the appellant.

Even though we have concluded that the Civil Court of Jefferson County had jurisdiction over the appellant in this case under the facts as stipulated, this is not to say, of course, that the Civil Court of Jefferson County was the proper venue for this action since Section 6 of the Act limits the territorial jurisdiction of the created court to "all other precincts [Precinct 33 is excluded] in Jefferson County, except that specifically excluded here-in-above."

■ It should further be noted that Title 7, § 54, Code of Alabama 1940 (Recomp. 1958), provides:

"All actions on contracts, except as may be otherwise provided, must be brought in the county in which the defendant or one of the defendants resides, if such defendant has within the state a permanent residence; . . . a summons issued contrary to this section must be abated on the plea of the defendant . . . ."[2]

The Alabama Supreme Court speaking to this very point in Boudrow v. H. & R. Construction Co., 284 Ala. 60, 222 So.2d 154 (1969), held this section to be a venue statute which may be waived in personal actions.

This proposition concerning waiver of venue was earlier laid down in Branch Bank at Mobile v. Rutledge and Watts, 13 Ala. 196 (1848), where a bill to enjoin a judgment was filed in the wrong chancery district, and a decree pro confesso was rendered on personal service, without any previous objection by the respondent, and the objection was first raised on appeal. This Court held:

"The bank must be considered as having waived the objection which it now for the first time makes. The chancery court had jurisdiction of the subject matter of the complaint, but merely exercised it in the wrong county. This was a matter which the court was not bound mero motu to notice, and which the defendant below could waive, and did waive by failing to raise the objection in that court."

The case of Woolf v. McGaugh, supra, quoted 22 Encyc. of Pl. & Pr. 815, and

2. The succeeding Section 55, which provides that action for work and labor may be brought in the county where work was done, does not change the result since the contract was performed in Pickens County. See also Rule 82, Alabama Rules of Civil Procedure.

notes, concerning the rule of courts generally as to the bringing of an action in the improper venue, as follows:

> " 'It may be stated as a general rule that the bringing of an action in an improper county is not a jurisdictional defect, where the court has general jurisdiction of the subject-matter, and the statutes fixing the venue in certain actions confer a mere personal privilege which may be waived by a failure to claim it in a proper manner and at the proper time.' "

On the authority of the preceding cases, it seems clear that the appropriate method to attack improper venue is to appear and make timely motion,[3] and on a failure to do so the improper venue is waived and the judgment of the court rendering the final decree is valid and enforceable.

Since the Civil Court of Jefferson County had jurisdiction to render this judgment against the appellant, its final decree is valid and enforceable and on authority of Constantine v. Constantine, 261 Ala. 40, 72 So.2d 831 (1954), a judgment of a court which has jurisdiction of the subject matter and parties and possesses the power to render the particular judgment is immune from collateral attack. The proper place for an appeal from the judgment of the Civil Court of Jefferson County was the Circuit Court of the Tenth Judicial Circuit of Alabama, Birmingham Division, as provided in Section 8 of the Act creating the Civil Court.[4] Therefore, the dismissal of the action against the appellees in the Pickens County Circuit Court was proper and must be affirmed.

Affirmed.

HEFLIN, C. J., and BLOODWORTH and McCALL, JJ., concur.

COLEMAN, J., concurs in result.

3. See Rule 82(d), Alabama Rules of Civil Procedure.

4. Common law Petition for Writ of Certiorari to the Circuit Court was also available within six months from date of judgment.