PER CURIAM.
Plaintiffs Clifford Ray Tanksley and Paulette Tanksley filed suit on August 29,1980, in the circuit court of Jefferson County against Jerry Leonard, United States Fidelity and Guaranty Company, A. B. Chance Company (Pittman Division), Cowin Equipment Co., Inc., and Cowin Equipment and Road Machinery, Inc., for the wrongful death of their son, James Ray Tanksley. Plaintiffs’ son was killed when a boom on a truck came in contact with an overhead electrical power wire. The incident occurred on August 30, 1979, in Montgomery County. Plaintiffs amended their complaint on August 26, 1981, by adding Alabama Power Company as an additional defendant.
On September 30, 1981, Alabama Power Company filed a motion to transfer the case from Jefferson County to Montgomery County. The motion was granted on November 30, 1981, without objection from *95 Plaintiffs, and the case was subsequently transferred.
On May 24,1982, Plaintiffs filed a motion to transfer the case back to Jefferson Circuit Court. This motion was denied and, at the suggestion of the Montgomery Circuit Court, Plaintiffs filed a motion with Jefferson County Circuit Court to reconsider the original order to transfer. This motion was also denied.
In the six months between the uncontested transfer to Montgomery County and Plaintiffs’ filing the motion to transfer the case back to Jefferson County, the action proceeded expeditiously in Montgomery County. Interrogatories and motions were filed and appearances were made in the Montgomery Circuit Court, and the trial judge ruled on motions, conducted conferences with counsel for all parties, and ordered discovery cut-offs and a trial setting. Plaintiffs had filed answers to interrogatories, a motion for default judgment, an objection to notice of deposition, and a motion for a protective order in the Montgomery Circuit Court.
Plaintiffs are residents of Jefferson County and the incident from which the cause of action arises occurred in Montgomery County. Defendants A. B. Chance Company and United States Fidelity and Guaranty Company are foreign corporations licensed to do business in Alabama and have agents in Montgomery and Jefferson Counties conducting business. Alabama Power Company and Cowin Equipment Company are domestic corporations doing business in both Jefferson and Montgomery Counties.
Plaintiffs argue that because the action was timely commenced in the proper county and court and the original venue was proper, the trial court’s transferring venue to the Montgomery Circuit Court was improper and a violation of state law (Code 1975, §§ 6-3-7 and 6-3-20; A.R.C.P. 82(d); and Medical Service Administration v. Dickerson, 362 So.2d 906 (Ala.1978)).
Notwithstanding the validity of Plaintiffs’ argument under normal circumstances, we hold that the failure of Plaintiffs to timely object to the original motion to transfer and their subsequent failure to question the transfer order constitutes a waiver of Plaintiffs’ original right to select venue.
Jordan v. Guaranty Pest Control, Inc., 292 Ala. 601, 298 So.2d 244 (1974), held:
“[I]t seems clear that the appropriate method to attack improper venue is to appear and make timely motion, and on a failure to do so the improper venue is waived . . . . ” Jordan, 292 Ala. at 606, 298 So.2d 244.
While a plaintiff’s selection of venue and the challenge to improper venue are rights and privileges which we uphold and protect, they are, nonetheless, rights that can be waived. Plaintiffs not only failed to object to the original motion to transfer to Montgomery Circuit Court until nearly six months had elapsed, but they continued to prosecute the action in that court. That court has commendably moved the litigation along and has now set the case for trial. Plaintiffs’ objection to the change of venue comes too late in light of both the time elapsed and Plaintiffs’ conduct in the Montgomery court, which indicate Plaintiffs’ consent to such transfer.
In the early case of State, ex rel. Phillips v. Benners, Chancellor, 172 Ala. 168, 55 So. 298 (1911), the court held:
“[TJhere is a clearly defined distinction between the assertion of a substantial and independent right, and the control of a more dependent rule of practice or mode of procedure ... In the latter case there is every reason why one who complains should not delay his application for relief. He should be vigilant to know his rights, and diligent to prevent their abuse. Considerations of general propriety, as well as the dignity of courts, and the integrity of their proceedings, demand promptitude of action, if he would interfere.” Phillips, 172 Ala. 177, 178, 55 So. 298.
To allow Plaintiffs to delay the disposition of this matter at this late stage would be, indeed, an affront to the dignity and integrity of the courts of this State and their proceedings.
*96 We hold that neither the Jefferson County Circuit Court nor the Montgomery County Circuit Court abused the discretion vested in each in denying the relief sought by Plaintiffs.
The petition for mandamus is denied.
WRIT DENIED.
TORBERT, C. J., and FAULKNER, AL-MON, SHORES, EMBRY and BEATTY, JJ., concur.
MADDOX, JONES and ADAMS, JJ., not sitting.