Tommy Pinkard filed a petition in the Limestone Circuit Court in which he challenged his classification by the Department of Corrections ("DOC") as a heinous offender. Throughout the record, Pinkard sometimes refers to the petition filed in the circuit court as one for a writ of certiorari and other times as one for a writ of habeas corpus. The claim raised is properly addressed in a petition for a writ of certiorari; however, the circuit court treated it as a petition for a writ of habeas corpus. He argued that the statute pursuant to which he was so classified is "vague and overbroad" and that the facts of his offense did not warrant his classification as a heinous offender. DOC moved to dismiss, arguing that Pinkard does not have a liberty interest in a particular security classification and that he was classified according to DOC's classification procedures. The DOC included with its motion the affidavit of Paul Whaley II, the director of classification for DOC. In his affidavit, Whaley stated that Pinkard has not been classified as a heinous offender, but rather that he is barred from participating in the work-release program for the following reasons: (1) the elements of a carjacking were present in his theft-of-property offense and (2) the victim of his robbery offense was cut on the neck with a knife during the robbery. The trial court thereafter denied Pinkard's petition for the reasons argued by DOC.[1] Pinkard then filed a motion to alter, amend, or vacate the judgment, arguing that his appointed counsel had failed to adequately represent him. The trial court denied that motion, and Pinkard appealed.
In his brief to this Court, Pinkard argues three claims:
 1. Did the trial court abuse its discretion in denying Pinkard's habeas corpus petition?
 2. Did the trial court abuse its discretion in not bringing Pinkard before the court for a hearing on the merits of the petition?
 3. Did the trial court err in not recording the alleged hearing and in not issuing an order that described events at the alleged hearing, as such action has deprived Pinkard of knowledge of what occurred at the hearing, and violates his rights to due process on appeal?
The trial court is correct in its determination that an inmate does not have a liberty interest in a particular security classification. However, Pinkard's petition does not allege that he has a protected liberty interest, but instead seeks review of an administrative decision by DOC regarding his eligibility to participate in the work-release program. A petition for a writ of certiorari is the proper vehicle for challenging the administrative decision of a state agency. See Ex parteBoykins, [Ms. 1011152, Dec. 20, 2002] ___ So.2d ___ (Ala. 2002). The trial court therefore erred in treating this petition as a petition for a writ of habeas corpus.
Moreover, because this is not a habeas corpus, but rather an action against DOC, venue has been determined to only be proper in Montgomery County and must *Page 451 
be transferred to that county pursuant to § 6-3-9, Ala. Code 1975.
Accordingly, the judgment of the Limestone Circuit Court is reversed, and this matter is remanded to the circuit court for that court to transfer this case to Montgomery County Circuit Court to review Pinkard's petition for writ of certiorari reviewing DOC's decision regarding his security classification and its denial of his request to participate in the work-release program.
REVERSED AND REMANDED.
COBB, BASCHAB, and WISE, JJ., concur.
SHAW, J., concurs in the result.
[1] The case action summary states that the trial court ordered a hearing on April 26, 2002. However, there is no indication in the record that a hearing was held, and the court reporter certified that no testimony was taken in this matter.