McMILLAN, Presiding Judge.
The appellant, Ronald M. Edwards, is an inmate at Staton Correctional Center. On July 17, 2002, he filed a petition for a writ of habeas corpus, in which he contended that he had been erroneously classified as a sex offender. The State moved *610 to dismiss the petition, arguing, in pertinent part, that the Department of Corrections had not relied upon any erroneous information; that Edwards did not have a liberty interest in his custody classification; and that the sex-offender designation had been removed from Edwards’s AIS number. The trial court found the State’s motion “well taken” and dismissed the petition.
Edwards contends that the Department of Corrections used “erroneous information” to classify him as a “convicted” sex offender by using an “S” designation after his AIS number. He argues that this designation made him ineligible for a minimum custody classification and other benefits. He also argues that he did not receive written notice or a hearing before he was classified and that a copy of the decision was not provided to him. He further argues that the trial court should have expunged all the “erroneous” information from his file.
Edwards’s petition was styled and treated as a petition for writ of habeas corpus. However, “ ‘ “the sole function of habeas corpus is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose.” ’ ” Looney v. State, [Ms. CR-01-0162, September 27, 2002] — So.2d -, - (Ala.Crim.App.2002), quoting Taylor v. State, 455 So.2d 270, 271 (Ala.Crim.App.1984), quoting in turn Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir.1979), revised by 596 F.2d 658 (5th Cir.1979). The State filed with its motion to dismiss a copy of the progress review in which Edwards was classified as a sex offender. Edwards’ custody level of “medium” was not changed by the sex-offender classification.
“A petition for a writ of certiora-ri is the proper vehicle for challenging the administrative decision of a state agency.” Pinkard v. State, 859 So.2d 449, 450 (Ala.Crim.App.2003). Here, the appellant should have filed his claims in a petition for writ of certiorari. Although mislabeling a petition does not make it unreviewable if it is clear from the language what relief the petitioner is seeking, Ex parte Deramus, [Ms. 1010923, June 7, 2002] — So.2d — (Ala.2002), the present petition was not reviewed on the proper basis. Furthermore, because Edwards action was against the Department of Corrections, venue was proper in Montgomery County, not Elmore County. Id.
Therefore, the judgment of the Elmore Circuit Court is reversed, and this cause is remanded for that court to transfer this case to the Montgomery Circuit Court for that court to review Edwards’s petition for the writ for certiorari.
REVERSED AND REMANDED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.