Facts and Procedural History
James Culbreth was convicted in the Montgomery Circuit Court of the crime of sodomy. He was incarcerated pursuant to that conviction in a correctional facility in Tutwiler, Mississippi.[1] On October 20, 2003, Culbreth petitioned the Montgomery Circuit Court for habeas corpus relief, "seeking credit for time he spent in jail in the State of Washington following his release on bond and his subsequent failure to appear for trial in Montgomery Circuit Court." The Montgomery Circuit Court denied Culbreth's habeas corpus petition, and Culbreth appealed. In an unpublished order, the Court of Criminal Appeals held that the Montgomery Circuit Court did not have jurisdiction over Culbreth's habeas corpus petition because it was not the "nearest circuit court" as is required by §15-21-6, Ala. Code 1975. The Court of Criminal Appeals for this reason held that the circuit court's order was void for lack of jurisdiction, and it dismissed Culbreth's appeal. Culbrethv. State (No. CR-04-2573, Dec. 5, 2005), 954 So.2d 1150
(Ala.Crim.App. 2005) (table). We reverse the judgment of the Court of Criminal Appeals.
 Issue
The issue in this case is whether the trial court had subject-matter jurisdiction under § 15-21-6, Ala. Code 1975, to dismiss Culbreth's petition for the writ of habeas corpus.
 Standard of Review
We review de novo whether the Montgomery Circuit Court had jurisdiction over Culbreth's petition for the writ of habeas corpus. Solomon v. Liberty Nat'l Life Ins. Co.,953 So.2d 1211 (Ala. 2006); State Dep't of Revenue v.Arnold, 909 So.2d 192, 193 (Ala. 2005).
 Analysis
Section 15-21-6, Ala. Code 1975, requires that a petition for the writ of habeas corpus be filed in the proper court:
 "(a) When the person is confined in a county jail or any other place on a charge of felony or under a commitment or an indictment for felony, the petition for a writ of habeas corpus must be addressed to the nearest circuit court judge.
 "(b) When the person is confined in the penitentiary or under a sentence, judgment or order of the supreme court or the circuit court, other than an indictment for felony, the petition must be addressed to the nearest circuit court judge.
 "(c) In all other cases, it may be addressed to any one of them, and when the person is confined in any other place than the county jail or the penitentiary and on any other than a criminal charge, it may be addressed to any circuit court judge."
We first address whether § 15-21-6, Ala. Code 1975, imposes a jurisdictional requirement or a venue limitation. "Jurisdiction is `[a] court's power to decide a case or issue a decree.' . . . In deciding whether [a petitioner's] claim properly *Page 912 
challenges the trial court's subject-matter jurisdiction, we ask only whether the trial court had the [requisite] constitutional and statutory authority. . . ." Ex parteSeymour, 946 So.2d 536 (Ala. 2006). Venue, in contrast, addresses "[t]he county or other territory over which a trial court has jurisdiction." Black's Law Dictionary 1591 (8th ed.2004). All Alabama trial court judges have the power to issue writs of habeas corpus. Ex parte State ex rel.Shirley, 20 Ala.App. 473, 475, 103 So. 68, 69 (1925)("While it is undoubtedly true that, when a party is confined in jail under a criminal charge, a petition for habeas corpus must be addressed to the nearest circuit court judge or to the probate judge of the county (Code 1923, § 4310), all circuit judges within the state have the power to issue writs of habeas corpus."). Thus, § 15-21-6, Ala. Code 1975, implicates not jurisdiction, but venue.
Venue can be waived, and any objection to improper venue is waived if not timely raised. See Rule 12(h)(1), Ala. R. Civ. P. ("A defense of . . . improper venue . . . is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a)[, Ala. R. Civ. P.,] to be made as a matter of course."). In this case, the Court of Criminal Appeals' order denying rehearing notes that the trial court "denied the petition on the ground that venue was improper"; however, Culbreth's petition to this Court alleges that the State "never responded" in the trial court, and the State has not denied the allegation that it did not file an answer or other response in the trial court. Because there is an allegation that the State did not object to venue in the Montgomery Circuit Court and there is no indication before us to the contrary, any such objection the State might have to venue in the Montgomery Circuit Court has been waived.
Because § 15-21-6 limits venue, and not a circuit court's jurisdiction, the circuit court had the power to rule on the merits of Culbreth's petition, and the Court of Criminal Appeals erred in dismissing Culbreth's appeal on jurisdictional grounds. Moreover, any objection based on improper venue apparently has been waived. We therefore remand this case to the Court of Criminal Appeals for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NABERS, C.J., and LYONS, HARWOOD, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
[1] It is unclear why Culbreth was incarcerated in Mississippi after having been convicted in Alabama. We note, however, that at the time of Culbreth's incarceration, Alabama was under a court order to reduce the number of inmates in its prisons. In an effort to ease prison overcrowding, the Alabama Department of Corrections contracted with several out-of-state facilities to house Alabama prisoners.