Rel: February 9, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2023-2024

———————————————

## CR-2023-0426

———————————————

## Alabama Department of Corrections

## v.

## Joshua Lashawn Booth

## Appeal from Bibb Circuit Court
## (CV-22-900034)

COLE, Judge.

Joshua Lashawn Booth filed what he styled as an "Application for a Writ of Habeas Corpus" in the Bibb Circuit Court. In his filing, Booth alleged that the Alabama Department of Corrections ("ADOC") has refused to afford him correctional-incentive time on his 15-year sentence

for his possession-of-obscene-matter conviction, a violation of § 13A-12-192, Ala. Code 1975. Booth argued that, although § 14-9-41(e), Ala. Code 1975, bars a person who "has been convicted of a sex offense involving a child as defined in Section 15-20A-4(26)" from receiving correctional incentive time, that statute does not apply to convictions for possession of obscene matter, because the possession-of-obscene-matter statute "refers to persons under the age of 17, not under 12." (C. 13.) The ADOC moved to dismiss Booth's filing. The Bibb Circuit Court denied the ADOC's motion.

Thereafter, Booth moved for a summary judgment, and, on May 3, 2023, the Bibb Circuit Court issued an order finding that no additional hearings needed to take place in this case and directing the circuit clerk "to provide an updated transcript to the [ADOC] directing them to calculate the correctional incentive 'good' time as due to Applicant Booth within 14 days of this order." (C. 195.) The ADOC appeals the Bibb Circuit Court's judgment.

On appeal, the ADOC argues for the first time that Booth "did not use the proper legal mechanism to challenge the ADOC's decision to deny [Booth] the opportunity to receive 'good time.'" (ADOC's brief, p. 16.)

According to the ADOC, Booth should have filed a petition for a writ of certiorari in the Montgomery Circuit Court, not a petition for a writ of habeas corpus in the Bibb Circuit Court. We agree with the ADOC.

Recently, in Cook v. Alabama Department of Corrections, [Ms. CR-2022-0927, May 3, 2023] ___ So. 3d ___ (Ala. Crim. App. 2023), a published order, this Court addressed a scenario nearly identical to this one. In that case, Cook, like Booth, filed a habeas petition in the Morgan Circuit Court challenging the ADOC's refusal to afford him correctional-incentive time. Although the ADOC did not challenge the venue in the circuit court or on appeal, this Court explained:

> "It is well settled that this Court must treat an action according to its substance and not its style. See Ex parte Deramus, 882 So. 2d 875 (Ala. 2002). Although styled as a petition for a writ of habeas corpus, Cook was challenging the DOC's decision to prohibit him from earning correctional incentive good time. There is no liberty interest in earning good time. See Collins v. Alabama Dep't of Corr., 982 So. 2d 1078 (Ala 2007). The Alabama Supreme Court has held that a writ of certiorari filed in the Montgomery Circuit Court is the proper means by which an inmate may challenge the DOC's decision regarding an inmate's ability to earn good time. Ex parte Boykins, 862 So. 2d 587 (Ala 2002) (holding that a petition for a writ of certiorari is the proper means by which an inmate may challenge the DOC's decision that an inmate is not entitled to good time). See also Ex parte Woods, 941 So. 2d 259 (Ala. 2006) (holding that a petition for a writ of certiorari is the proper means to challenge the DOC when its actions have resulted in the loss of no liberty interest).

> Accordingly, the Morgan Circuit Court should not have acted on the petition and should have transferred the petition to the Montgomery Circuit Court."

<u>Cook</u>, ___ So. 3d at ___. Because Cook filed the incorrect petition in the wrong court, this Court reversed the judgment of the Morgan Circuit Court and remanded Cook's case for that court to set aside its order on Cook's petition and to transfer the petition to the Montgomery Circuit Court.

Here, just as in <u>Cook</u>, Booth filed a habeas petition challenging the ADOC's refusal to afford him correctional-incentive time. Thus, his petition is, in substance, a petition for a writ of certiorari that should have been filed in the Montgomery Circuit Court. Therefore, the Bibb Circuit Court should not have acted on Booth's petition and should have transferred the petition to the Montgomery Circuit Court.

Accordingly, we reverse the judgment of the Bibb Circuit Court and remand this case to that court for it to set aside its order on Booth's petition and to transfer the petition to the Montgomery Circuit Court to be treated as a petition for a writ of certiorari. The certificate of judgment shall issue forthwith.

REVERSED AND REMANDED.

Windom, P.J., and Kellum and McCool, JJ., concur. Minor, J., concurs in the result, with opinion.

MINOR, Judge, concurring in the result.

The Alabama Department of Corrections ("the Department") appeals from the judgment of the Bibb Circuit Court requiring the Department to credit Joshua Lashawn Booth with correctional-incentive time under § 14-9-41, Ala. Code 1975. Citing Cook v. State, [Ms. CR-2022-0927, May 3, 2023] ___ So. 3d ___ (Ala. Crim. App. 2023), the Court reverses the judgment of the circuit court because Booth petitioned in the wrong venue under § 6-3-9, Ala. Code 1975.

I concurred in the result in Cook and issued a separate writing:

"Under § 6-3-9, Ala. Code 1975, the proper venue for Cook's petition is the Montgomery Circuit Court. Thus, Cook filed his petition in the wrong venue. This Court, by order, reverses the Morgan Circuit Court's judgment and remands the case to that court for it to transfer the petition to the Montgomery Circuit Court.

"There is precedent for this Court's decision. See Edwards v. State, 866 So. 2d 609 (Ala. Crim. App. 2003), and Pinkard v. State, 859 So. 2d 449 (Ala. Crim. App. 2003). Nothing is said in those cases, however, about whether the State argued that venue was improper, and, from all that appears in those decisions, this Court sua sponte brought up the issue of venue.

"So far as I can determine, Edwards and Pinkard are the only decisions of this Court in which it has sua sponte reversed a judgment based on improper venue under § 6-3-9. Those decisions appear to have treated venue as a jurisdictional requirement, something that later decisions

6

reject. Ex parte Culbreth, 966 So. 2d 910, 912 (Ala. 2006) (Venue 'can be waived, and any objection to improper venue is waived if not timely raised.'); Ex parte Daniels, 941 So. 2d 251, 259 n.4 (Ala. 2006) ('Our decision in this case should not be construed as interpreting § 6-3-9 to disallow the waiver of a claim of improper venue under that Code section. See Ex parte Tanksley, 418 So. 2d 94 (Ala. 1982) (holding that under the facts of that case the plaintiff's particular conduct and belated request to transfer the case waived the issue of improper venue). Instead, the facts of this case simply do not demonstrate that the issue of improper venue was waived.').

"The Department did not challenge venue in the Morgan Circuit Court and has not challenged it on appeal. Thus, I do not think it necessary for this Court to reverse the judgment and remand the case based on improper venue. Even so, because precedent[1] exists for this Court's action, I concur in the result.

"_____

"[1]Given a request to do so or under the appropriate circumstances, this Court should consider the continuing validity of Edwards and Pinkard."

As in Cook, the Department did not challenge venue in the circuit court. Instead, it moved to dismiss the petition on the merits. On appeal, however, the Department asserts that Booth filed the petition in the wrong venue. For the reasons stated in my special writing in Cook, I question whether this Court should treat venue under § 6-3-9 as an issue that may be raised for the first time on appeal by the Department or by this Court. I thus concur in the result.

7