Rel: December 6, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

———————————————

### SC-2024-0259

———————————————

**Ex parte Joshua Lashawn Booth**

**PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS**

**(In re: Alabama Department of Corrections**

**v.**

**Joshua Lashawn Booth)**

**(Bibb Circuit Court: CV-22-900034;
Court of Criminal Appeals: CR-2023-0426)**

MENDHEIM, Justice.

Joshua Lashawn Booth petitioned this Court for a writ of certiorari to review the Court of Criminal Appeals' decision in Alabama Department of Corrections v. Booth, [Ms. CR-2023-0426, Feb. 9, 2024] ___ So. 3d ___ (Ala. Crim. App. 2024), reversing the Bibb Circuit Court's judgment ordering the Alabama Department of Corrections ("ADOC") to calculate the correctional incentive time due to Booth. We granted certiorari review to consider whether the Court of Criminal Appeals' decision is in conflict with Ex parte Culbreth, 966 So. 2d 910 (Ala. 2006), and Ex parte Tanksley, 418 So. 2d 94 (Ala. 1982); we conclude that it is. As a result, we reverse the Court of Criminals Appeals' decision and remand this cause to the Court of Criminal Appeals for proceedings consistent with this opinion.

Facts and Procedural History

In 2018, Booth was convicted of three counts of possession of obscene material, violations of § 13A-12-192, Ala. Code 1975, and was sentenced to 15 years of imprisonment. While incarcerated at the Bibb Correctional Facility in the custody of ADOC, Booth filed, on June 30, 2022, what he styled as an "application for a writ of habeas corpus" in the Bibb Circuit Court, naming ADOC, among others, as a respondent. In

his filing, Booth stated that "[t]his is a correctional incentive time case" and alleged that ADOC "refused and [is] refusing to afford … Booth correctional incentive time" under the applicable statutes. Specifically, Booth argued that, although § 14-9-41(e), Ala. Code 1975, bars a person who "has been convicted of a sex offense involving a child as defined in [§] 15-20A-4(26)[, Ala. Code 1975,]" from receiving correctional incentive time, that statute does not apply to convictions for possession of obscene material, because, Booth argued, the possession-of-obscene-material statute "refers to persons under the age of 17, not under 12." On August 25, 2022, ADOC filed a motion to dismiss Booth's filing or, in the alternative, requested that a summary judgment be entered in its favor. Booth filed a response to ADOC's motion on the same day.

On October 31, 2022, the Bibb Circuit Court conducted a hearing and, following that hearing, entered an order directing the parties to file additional briefing. On November 22, 2022, ADOC filed its ordered brief and supporting material. On November 28, 2022, Booth filed a response to ADOC's brief. On March 22, 2023, the Bibb Circuit Court entered an order denying ADOC's motion to dismiss or, in the alternative, for a summary judgment. In its order, the Bibb Circuit Court stated that "[t]he

3

question to be resolved in this case is whether Joshua Lashawn Booth should be getting correctional incentive time. He should." The Bibb Circuit Court's order then analyzed the relevant statutes at issue, as they existed at the times relevant to Booth's filing, and concluded that they "did not and do[] not bar a person convicted of possession of obscene material under Ala. Code [1975,] § 13A-12-192(b)[,] from the benefit of incentive good time."

On April 12, 2023, Booth filed a motion for a judgment on the pleadings or for a summary judgment based on the Bibb Circuit Court's March 22, 2023, order. On April 26, 2023, Booth filed a renewed motion for a summary judgment, arguing that an additional summary-judgment hearing was not necessary because one had been held on ADOC's initial summary-judgment motion. On May 3, 2023, the Bibb Circuit Court granted Booth's renewed motion for a summary judgment, ordering that the Bibb Circuit Court "[c]lerk's office … provide an updated transcript to [ADOC] directing [it] to calculate the correctional incentive 'good' time as due to … Booth …." ADOC appealed the Bibb Circuit Court's judgment to the Court of Criminal Appeals.

4

On appeal, ADOC noted that Booth's initial filing in this case had been labeled an application for a writ of habeas corpus, which, ADOC argued, is not the proper legal mechanism to challenge ADOC's decision to deny Booth correctional incentive time. ADOC argued, for the first time on appeal, that, instead of filing an application for a writ of habeas corpus in the Bibb Circuit Court, Booth should have filed a petition for a writ of certiorari in the Montgomery Circuit Court to challenge ADOC's decision denying Booth correctional incentive time. The Court of Criminal Appeals agreed with ADOC and reversed the Bibb Circuit Court's judgment. See Alabama Dep't of Corr. v. Booth, [Ms. CR-2023-0426, Feb. 9, 2024] ___ So. 3d ___ (Ala. Crim. App. 2023). In so doing, the Court of Criminal Appeals stated:

"Recently, in Cook v. Alabama Department of Corrections, 390 So. 3d 1167 (Ala. Crim. App. 2023), a published order, this Court addressed a scenario nearly identical to this one. In that case, Cook, like Booth, filed a habeas petition in the Morgan Circuit Court challenging the ADOC's refusal to afford him correctional-incentive time. Although the ADOC did not challenge the venue in the circuit court or on appeal, this Court explained:

"'It is well settled that this Court must treat an action according to its substance and not its style. See Ex parte Deramus, 882 So. 2d 875 (Ala. 2002). Although styled as a petition for a writ of habeas corpus, Cook was challenging the [A]DOC's

5

decision to prohibit him from earning correctional incentive good time. There is no liberty interest in earning good time. See Collins v. Alabama Dep't of Corr., 982 So. 2d 1078 (Ala. 2007). The Alabama Supreme Court has held that a writ of certiorari filed in the Montgomery Circuit Court is the proper means by which an inmate may challenge the [A]DOC's decision regarding an inmate's ability to earn good time. Ex parte Boykins, 862 So. 2d 587 (Ala. 2002) (holding that a petition for a writ of certiorari is the proper means by which an inmate may challenge the [A]DOC's decision that an inmate is not entitled to good time). See also Ex parte Woods, 941 So. 2d 259 (Ala. 2006) (holding that a petition for a writ of certiorari is the proper means to challenge the [A]DOC when its actions have resulted in the loss of no liberty interest). Accordingly, the Morgan Circuit Court should not have acted on the petition and should have transferred the petition to the Montgomery Circuit Court.'

"Cook, 390 So. 3d at 1168. Because Cook filed the incorrect petition in the wrong court, this Court reversed the judgment of the Morgan Circuit Court and remanded Cook's case for that court to set aside its order on Cook's petition and to transfer the petition to the Montgomery Circuit Court.

"Here, just as in Cook, Booth filed a habeas petition challenging the ADOC's refusal to afford him correctional-incentive time. Thus, his petition is, in substance, a petition for a writ of certiorari that should have been filed in the Montgomery Circuit Court. Therefore, the Bibb Circuit Court should not have acted on Booth's petition and should have transferred the petition to the Montgomery Circuit Court."

Booth, ___ So. 3d at ___. Judge Minor concurred in the result, with an

opinion, which states, in pertinent part, as follows:

"I concurred in the result in Cook and issued a separate writing:

"'Under § 6-3-9, Ala. Code 1975, the proper venue for Cook's petition is the Montgomery Circuit Court. Thus, Cook filed his petition in the wrong venue. This Court, by order, reverses the Morgan Circuit Court's judgment and remands the case to that court for it to transfer the petition to the Montgomery Circuit Court.

"'There is precedent for this Court's decision. See Edwards v. State, 866 So. 2d 609 (Ala. Crim. App. 2003), and Pinkard v. State, 859 So. 2d 449 (Ala. Crim. App. 2003). Nothing is said in those cases, however, about whether the State argued that venue was improper, and, from all that appears in those decisions, this Court sua sponte brought up the issue of venue.

"'So far as I can determine, Edwards and Pinkard are the only decisions of this Court in which it has sua sponte reversed a judgment based on improper venue under § 6-3-9. Those decisions appear to have treated venue as a jurisdictional requirement, something that later decisions reject. Ex parte Culbreth, 966 So. 2d 910, 912 (Ala. 2006) (Venue "can be waived, and any objection to improper venue is waived if not timely raised."); Ex parte Daniels, 941 So. 2d 251, 259 n.4 (Ala. 2006) ("Our decision in this case should not be construed as interpreting § 6-3-9 to disallow the waiver of a claim of improper venue under that Code section. See Ex parte Tanksley, 418 So. 2d 94

(Ala. 1982) (holding that under the facts of that case the plaintiff's particular conduct and belated request to transfer the case waived the issue of improper venue). Instead, the facts of this case simply do not demonstrate that the issue of improper venue was waived.").

"'The [ADOC] did not challenge venue in the Morgan Circuit Court and has not challenged it on appeal. Thus, I do not think it necessary for this Court to reverse the judgment and remand the case based on improper venue. Even so, because precedent[1] exists for this Court's action, I concur in the result.

"'_____

"'[1]Given a request to do so or under the appropriate circumstances, this Court should consider the continuing validity of Edwards and Pinkard.'

"390 So. 3d at 1169.

"As in Cook, the [ADOC] did not challenge venue in the circuit court. Instead, it moved to dismiss the petition on the merits. On appeal, however, the [ADOC] asserts that Booth filed the petition in the wrong venue. For the reasons stated in my special writing in Cook, I question whether this Court should treat venue under § 6-3-9 as an issue that may be raised for the first time on appeal by the [ADOC] or by this Court. I thus concur in the result."

Booth, ___ So. 3d at ___ (Minor, J., concurring in the result).

Discussion

As noted above, this Court granted certiorari review to determine whether the Court of Criminal Appeals' decision is in conflict with Ex parte Culbreth, 966 So. 2d 910 (Ala. 2006), and Ex parte Tanksley, 418 So. 2d 94 (Ala. 1982). A brief discussion of those cases is necessary to analyze whether they are in conflict with the Court of Criminal Appeals' decision in Booth. Before discussing those cases, however, we note that the requirement in § 6-3-9, Ala. Code 1975, that an action "where the prison system of the state on account of the prison system is interested must be commenced in Montgomery County" -- such as the action commenced by Booth in the present case -- "has been generally interpreted as controlling the venue of actions involving the prison system. See, e.g., Ex parte Madison County, 406 So. 2d 398 (Ala. 1981); Hartley v. State, 882 So. 2d 869 (Ala. Civ. App. 2003); and Pinkard v. State, 859 So. 2d 449 (Ala. Crim. App. 2003)." Ex parte Daniels, 941 So. 2d 251, 254 (Ala. 2006). The Court of Criminal Appeals properly considered Booth's initial filing below as a petition for a writ of certiorari challenging ADOC's decision denying him correctional incentive time; under § 6-3-9, the proper venue for such an action is in Montgomery

County. The Court of Criminal Appeals reversed the Bibb Circuit Court's judgment in the present case on the sole basis that Booth had filed his certiorari petition in an improper venue. The issue in this case is one of venue, not jurisdiction.[1]

Having established that the issue in this case pertains to venue, we now turn to the cases that Booth alleges are in conflict with the Court of Criminal Appeals' decision. In Ex parte Culbreth, an inmate, who had been convicted in the Montgomery Circuit Court and was imprisoned in a correctional facility in Tutwiler, Mississippi, petitioned the Montgomery Circuit Court for habeas relief, "'seeking credit for time he spent in jail in the State of Washington following his release on bond and his subsequent failure to appear for trial in Montgomery Circuit Court.'"

---

[1]We note that ADOC makes the argument that the mandatory language used in § 6-3-9 -- that actions filed thereunder "must be commenced in Montgomery County" -- makes it a jurisdictional requirement. See ADOC's brief at 18-20. Its support for that argument is the mandatory language used in Art. I, § 14, of the Alabama Constitution of 2022 -- that "the State of Alabama shall never be made a defendant in any court of law or equity." ADOC's argument, which also cites some other authorities regarding unrelated areas of the law, is not convincing. Section 14 affords the State immunity from all actions, which is clearly jurisdictional. Section 6-3-9 requires that actions brought thereunder be brought in Montgomery County, a requirement that this Court has said pertains to venue, not jurisdiction.

966 So. 2d at 911. The Montgomery Circuit Court denied the inmate's habeas petition, and the inmate appealed to the Court of Criminal Appeals. The Court of Criminal Appeals determined that the Montgomery Circuit Court did not have jurisdiction over the inmate's habeas petition because it was not the "nearest circuit court" as is required by § 15-21-6, Ala. Code 1975, a statute pertaining to habeas petitions. Id. Accordingly, the Court of Criminal Appeals held that the Montgomery Circuit Court's judgment was void for lack of jurisdiction, and it dismissed the inmate's appeal. The inmate then petitioned this Court for certiorari review.

On certiorari review, this Court determined that the requirement in § 15-21-6 that a habeas petition be filed in "the nearest circuit court" "implicates not jurisdiction, but venue." Ex parte Culbreth, 966 So. 2d at 912. This Court then stated:

> "Venue can be waived, and any objection to improper venue is waived if not timely raised. See Rule 12(h)(1), Ala. R. Civ. P. ('A defense of ... improper venue ... is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a)[, Ala. R. Civ. P.,] to be made as a matter of course.'). In this case, the Court of Criminal Appeals' order denying rehearing notes that the trial court 'denied the petition on the ground that venue was

improper'; however, [the inmate's] petition to this Court alleges that the State 'never responded' in the trial court, and the State has not denied the allegation that it did not file an answer or other response in the trial court. Because there is an allegation that the State did not object to venue in the Montgomery Circuit Court and there is no indication before us to the contrary, any such objection the State might have to venue in the Montgomery Circuit Court has been waived.

"Because § 15-21-6 limits venue, and not a circuit court's jurisdiction, the circuit court had the power to rule on the merits of [the inmate's] petition, and the Court of Criminal Appeals erred in dismissing [the inmate's] appeal on jurisdictional grounds. Moreover, any objection based on improper venue apparently has been waived. We therefore remand this case to the Court of Criminal Appeals for further proceedings consistent with this opinion."

Id.

In Ex parte Tanksley, the plaintiffs filed in the Jefferson Circuit Court a wrongful-death action. The defendants filed a motion to change venue from the Jefferson Circuit Court to the Montgomery Circuit Court; the plaintiffs did not object to the change-of-venue request. The motion was granted, and the case was transferred. After six months of having engaged in the litigation process in the Montgomery Circuit Court, the plaintiffs filed a motion requesting that the Montgomery Circuit Court transfer the case back to the Jefferson Circuit Court, which the Montgomery Circuit Court denied. The plaintiffs then filed, in the

12

Jefferson Circuit Court, a motion to reconsider the original transfer order, which was also denied. The plaintiffs petitioned this Court for a writ of mandamus ordering that their wrongful-death action be transferred to the Jefferson Circuit Court.

On mandamus review, this Court stated:

"Notwithstanding the validity of Plaintiffs' argument under normal circumstances, we hold that the failure of Plaintiffs to timely object to the original motion to transfer and their subsequent failure to question the transfer order constitutes a waiver of Plaintiffs' original right to select venue.

"Jordan v. Guaranty Pest Control, Inc., 292 Ala. 601, 298 So. 2d 244 (1974), held:

"'[I]t seems clear that the appropriate method to attack improper venue is to appear and make timely motion, and on a failure to do so the improper venue is waived ....' Jordan, 292 Ala. at 606, 298 So. 2d 244.

"While a plaintiff's selection of venue and the challenge to improper venue are rights and privileges which we uphold and protect, they are, nonetheless, rights that can be waived. Plaintiffs not only failed to object to the original motion to transfer to Montgomery Circuit Court until nearly six months had elapsed, but they continued to prosecute the action in that court. That court has commendably moved the litigation along and has now set the case for trial. Plaintiffs' objection to the change of venue comes too late in light of both the time elapsed and Plaintiffs' conduct in the Montgomery court, which indicate Plaintiffs' consent to such transfer."

13

Ex parte Tanksley, 418 So. 2d at 95.

In summary, Ex parte Culbreth stands for the proposition that §
15-21-6, the statute governing where a habeas petition must be filed,
implicates venue, not jurisdiction, and that a challenge to improper
venue can be waived. Ex parte Tanksley stands for the general
proposition that a challenge to improper venue can be waived. In the
present case, as noted above, the Court of Criminal Appeals determined
that Booth's petition

> "is, in substance, a petition for a writ of certiorari that should
> have been filed in the Montgomery Circuit Court. Therefore,
> the Bibb Circuit Court should not have acted on Booth's
> petition and should have transferred the petition to the
> Montgomery Circuit Court.
>
> "Accordingly, we reverse the judgment of the Bibb
> Circuit Court and remand this case to that court for it to set
> aside its order on Booth's petition and to transfer the petition
> to the Montgomery Circuit Court to be treated as a petition
> for a writ of certiorari."

Booth, ___ So. 3d at ___. It is clear from the above-quoted language that
the Court of Criminal Appeals reversed the Bibb Circuit Court's
judgment on the basis that it should not have acted on Booth's petition
because it was, in substance, a petition for a writ of certiorari, which
should have been filed in the Montgomery Circuit Court under § 6-3-9.

14

The Court of Criminal Appeals reversed the Bibb Circuit Court's judgment and remanded the case with instructions for that court to transfer the case to the Montgomery Circuit Court.

ADOC argues in its brief before this Court that Ex parte Culbreth is distinguishable from this case because it concerned the application of § 15-21-6, not § 6-3-9. For that reason, ADOC essentially argues that it is irrelevant if the Court of Criminal Appeals' decision in the present case is in conflict with Ex parte Culbreth. We disagree. For the purposes of this case, the primary point in Ex parte Culbreth is the general proposition that a challenge to improper venue is waivable if not timely raised. We have already explained that, similar to § 15-21-6, the requirement in § 6-3-9 that a petition filed thereunder be filed in Montgomery County pertains to venue. Ex parte Culbreth applies in this case, and it is significant that the Court of Criminal Appeals' decision conflicts therewith.

ADOC also argues in its brief before this Court that it is irrelevant that the Court of Criminal Appeals' decision in this case is in conflict with Ex parte Tanksley because, ADOC argues, the Court of Civil Appeals has determined that Ex parte Tanksley has been overruled. See Hodge v.

<u>Steinwinder</u>, 919 So. 2d 1179, 1185 (Ala. Civ. App. 2005)("In our judgment, <u>Tanksley</u> has been implicitly overruled by later decisions of the Alabama Supreme Court. <u>See</u> <u>Ex parte Sawyer</u>, 873 So. 2d 166 (Ala. 2003); <u>Ex parte MedPartners, Inc.</u>, 820 So. 2d 815 (Ala. 2001); and <u>Elmore County Comm'n v. Ragona</u>, 540 So. 2d 720 (Ala.1989)."). Despite the Court of Civil Appeals' judgment concerning our precedent, this Court positively cited <u>Ex parte Tanksley</u> in 2006, after <u>Hodge</u> had been decided, in <u>Ex parte Daniels</u>, 941 So. 2d at 259 n.4, stating:

> "Our decision in this case should not be construed as interpreting § 6-3-9 to disallow the waiver of a claim of improper venue under that Code section. See <u>Ex parte Tanksley</u>, 418 So. 2d 94 (Ala. 1982) (holding that under the facts of that case the plaintiff's particular conduct and belated request to transfer the case waived the issue of improper venue). Instead, the facts of this case simply do not demonstrate that the issue of improper venue was waived."

Regardless, whether or not <u>Ex parte Tanksley</u> has been overruled <u>sub silentio</u> (an issue we need not decide here), the fact remains that numerous cases stand for the general proposition that an objection to improper venue can be waived if not timely raised. See, e.g., <u>Ex parte Daniels</u>, supra. It is that general proposition with which the Court of Criminal Appeals' decision conflicts.

16

The Court of Criminal Appeals' decision is in conflict with <u>Ex parte Culbreth</u> and <u>Ex parte Tanksley</u>. The Court of Criminal Appeals based its decision on the fact that Booth should have filed his mislabeled certiorari petition in the Montgomery Circuit Court, instead of the Bibb Circuit Court. That issue is one of venue, not jurisdiction. See <u>Ex parte Daniels</u>, supra. It is undisputed in this case that ADOC did not raise the issue of venue until it had appealed the Bibb Circuit Court's decision to the Court of Criminal Appeals. Under <u>Ex parte Culbreth</u> and <u>Ex parte Tanksley</u>, it is clear that ADOC waived the issue of improper venue by failing to object in the Bibb Circuit Court to improper venue and that it was contrary to those cases for the Court of Criminal Appeals to consider the issue of improper venue for the first time on appeal. Booth has demonstrated a conflict between the Court of Criminal Appeals' decision and <u>Ex parte Culbreth</u> and <u>Ex parte Tanksley</u>. For that reason, we must reverse the Court of Criminal Appeals' judgment.

We further address some potential confusion highlighted in Judge Minor's special writing concurring in the result of the Court of Criminal Appeals' decision. Judge Minor stated the following in his special writing:

17

"'There is precedent for [the Court of Criminal Appeals'] decision. See Edwards v. State, 866 So. 2d 609 (Ala. Crim. App. 2003), and Pinkard v. State, 859 So. 2d 449 (Ala. Crim. App. 2003). Nothing is said in those cases, however, about whether the State argued that venue was improper, and, from all that appears in those decisions, [the Court of Criminal Appeals] sua sponte brought up the issue of venue.

"'So far as I can determine, Edwards and Pinkard are the only decisions of [the Court of Criminal Appeals] in which it has sua sponte reversed a judgment based on improper venue under § 6-3-9. Those decisions appear to have treated venue as a jurisdictional requirement, something that later decisions reject.'"

Booth, ___ So. 3d at ___ (Minor, J., concurring in the result)(quoting Cook v. Alabama Dep't of Corr., 390 So. 3d 1167, 1169 (Ala. Crim. App. 2023)(Minor, J., concurring in the result)). Judge Minor's writing indicates that Edwards v. State, 866 So. 2d 609 (Ala. Crim. App. 2003), and Pinkard v. State, 859 So. 2d 449 (Ala. Crim. App. 2003), support the decisions in Booth to consider the issue of improper venue for the first time on appeal and to reverse the Bibb Circuit Court's judgment on that basis alone. In its brief before this Court, ADOC argues, similar to the reasoning in Judge Minor's special writing, that Edwards and Pinkard support the Court of Criminal Appeals' decision in this case. See ADOC's brief at 17-20. We do not read Edwards and Pinkard in the same way.

18

In <u>Edwards</u>, an inmate filed a petition for a writ of habeas corpus in the Elmore Circuit Court, in which he contended that he had been erroneously classified as a sex offender. Upon the motion of ADOC, the Elmore Circuit Court dismissed the inmate's petition. The inmate appealed to the Court of Criminal Appeals. On appeal, the inmate argued that ADOC had "used 'erroneous information' to classify him as a 'convicted' sex offender by using an 'S' designation after his AIS number" and that such a designation "made him ineligible for a minimum custody classification and other benefits." <u>Edwards</u>, 866 So. 2d at 610. The inmate did not raise any argument as to improper venue. In considering the inmate's argument, the Court of Criminal Appeals stated:

> "[The inmate's] petition was styled and treated as a petition for writ of habeas corpus. However, '"'the sole function of habeas corpus is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose.'"' <u>Looney v. State</u>, 881 So. 2d 1061, 1064 (Ala. Crim. App. 2002), quoting <u>Taylor v. State</u>, 455 So. 2d 270, 271 (Ala. Crim. App. 1984), quoting in turn <u>Cook v. Hanberry</u>, 592 F.2d 248, 249 (5th Cir. 1979), revised by 596 F.2d 658 (5th Cir. 1979). The [ADOC] filed with its motion to dismiss a copy of the progress review in which [the inmate] was classified as a sex offender. [The inmate's] custody level of 'medium' was not changed by the sex-offender classification.
>
> "'A petition for a writ of certiorari is the proper vehicle for challenging the administrative decision of a state agency.' <u>Pinkard v. State</u>, 859 So. 2d 449, 450 (Ala. Crim. App. 2003).

19

> Here, the [inmate] should have filed his claims in a petition for writ of certiorari. Although mislabeling a petition does not make it unreviewable if it is clear from the language what relief the petitioner is seeking, Ex parte Deramus, 882 So. 2d 875 (Ala. 2002), the present petition was not reviewed on the proper basis. Furthermore, because [the inmate's] action was against the [ADOC], venue was proper in Montgomery County, not Elmore County. Id.
>
> "Therefore, the judgment of the Elmore Circuit Court is reversed, and this cause is remanded for that court to transfer this case to the Montgomery Circuit Court for that court to review [the inmate's] petition for the writ for certiorari."

866 So. 2d at 610 (emphasis added).

As indicated from the emphasized language in the above-quoted portion of Edwards, in Edwards the Court of Criminal Appeals reversed the Elmore Circuit Court's decision dismissing the inmate's petition because the Elmore Circuit Court had reviewed it as a habeas petition, not as a certiorari petition. See, e.g., Ex parte Boykins, 862 So. 2d 587, 593 (Ala. 2002) (containing a discussion about the difference between the treatment of habeas petitions and certiorari petitions and stating that a petition for a writ of certiorari "cannot be reviewed as a petition for a writ of habeas corpus because it does not seek relief from a restraint on any liberty [the petitioner] has at present"). The Court of Criminal Appeals stated in Edwards that "the present petition was not reviewed on the

20

proper basis," which was the reason for its reversal. 866 So. 2d at 610. Having determined that the Elmore Circuit Court's decision had to be reversed on that basis, the Court of Criminal Appeals "[f]urthermore" noted that venue over a certiorari petition in this context is proper in Montgomery County and, having already determined that reversal was required, ordered that, upon remand, the case be transferred to the Montgomery Circuit Court. Id.

The Court of Criminal Appeals' decision in Pinkard is virtually identical to its decision in Edwards. In Pinkard, an inmate filed a petition in the Limestone Circuit Court challenging his classification by ADOC as a heinous offender, which prohibited him from being able to participate in a work-release program. The Limestone Circuit Court treated the inmate's petition as one seeking habeas relief, determined that the inmate did not have a liberty interest in a particular security classification, and denied the petition. The inmate appealed to the Court of Criminal Appeals. The Court of Criminal Appeals stated:

> "The [Limestone Circuit Court] is correct in its determination that an inmate does not have a liberty interest in a particular security classification. However, [the inmate's] petition does not allege that he has a protected liberty interest, but instead seeks review of an administrative decision by [A]DOC regarding his eligibility to participate in

21

the work-release program. A petition for a writ of certiorari is the proper vehicle for challenging the administrative decision of a state agency. See Ex parte Boykins, 862 So. 2d 587 (Ala. 2002). The trial court therefore erred in treating this petition as a petition for a writ of habeas corpus.

"Moreover, because this is not a habeas corpus, but rather an action against [A]DOC, venue has been determined to only be proper in Montgomery County and must be transferred to that county pursuant to § 6-3-9, Ala. Code 1975."

Pinkard, 859 So. 2d at 450-51 (emphasis added).

In Pinkard, just as in Edwards, the Court of Criminal Appeals reversed the Limestone Circuit Court's judgment denying the inmate's petition on the basis that the Limestone Circuit Court had improperly treated the inmate's petition as a petition seeking habeas relief instead of treating it as a certiorari petition. Having determined that the Limestone Circuit Court's decision was due to be reversed on that basis, the Court of Criminal Appeals "[m]oreover" noted that venue over a certiorari petition in that context is proper in Montgomery County and, having already determined that reversal was required, ordered that, upon remand, the case be transferred to the Montgomery Circuit Court. Id.

22

In short, in <u>Edwards</u> and <u>Pinkard</u>, the judgments of the respective circuit courts in those cases were reversed because they had improperly treated a certiorari petition as a habeas petition, and, as a result, the petitions at issue had not been reviewed on the proper basis. The judgments <u>were not</u> reversed based on improper venue; the improper venue was noted as an ancillary issue to the improper treatment of the certiorari petitions as habeas petitions. In other words, in <u>Edwards</u> and <u>Pinkard</u>, the Court of Criminal Appeals did not reverse the circuit courts' respective judgments based on waived improper-venue objections, as suggested in Judge Minor's special writing. Therefore, <u>Edwards</u> and <u>Pinkard</u> are not problematic (and do not support the Court of Criminal Appeals' decision in the present case), but are consistent with Alabama's precedent in this area of the law.

<u>Edwards</u> and <u>Pinkard</u> stand for the proposition that it is reversible error for a circuit court to treat a certiorari petition as a habeas petition. Returning to the case at hand, based on the record before us, it is clear that, even though Booth mislabeled his filing as one seeking a writ of habeas corpus, the Bibb Circuit Court treated Booth's filing as one seeking certiorari review of ADOC's decision. The Bibb Circuit Court

23

expressly stated in its order denying ADOC's motion to dismiss or, in the alternative, for a summary judgment that "[t]he question to be resolved in this case is whether Joshua Lashawn Booth should be getting correctional incentive time." The Bibb Circuit Court's March 22, 2023, order then analyzed the relevant statutes at issue, as they existed at the times relevant to Booth's filing, and concluded that ADOC had erred in denying Booth correctional incentive time. The Bibb Circuit Court focused its analysis on ADOC's decision to deny Booth correctional incentive time, it did not consider or analyze whether there was a restraint on Booth's liberty, which would be treating Booth's filing as a petition for a writ of habeas corpus.[2] Accordingly, neither Edwards nor

---

[2]We note that, in his brief before this Court, Booth argues for the first time that he "is challenging the duration of his sentence" and that, if he had been given the correctional incentive time that he is claiming he is entitled to, then "it appears that … Booth would have completed his sentence." Booth's brief at 5. Booth did not raise that argument below, and he may not now raise it for the first time on appeal. See Andrews v. Merritt Oil Co., 612 So. 2d 409, 410 (Ala. 1992) ("This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.") Booth's unpreserved argument on appeal that his liberty is being restrained does not change the nature of his filing in the Bibb Circuit Court, which clearly challenged only ADOC's decision denying him correctional incentive time. Booth specifically requested in his initial filing that he be "properly credited with correctional incentive time"; he

Pinkard dictate that the Bibb Circuit Court's decision in this case be reversed for wrongfully treating Booth's filing as one seeking a writ of habeas corpus; those cases do not support the Court of Criminal Appeals' decision in this case.

We note that ADOC also cites the Court of Criminal Appeals' order issued in Cook v. Alabama Department of Corrections, 390 So. 3d 1167 (Ala. Crim. App. 2023), in support of its argument; the Court of Criminal Appeals also relied extensively upon the order issued in Cook in its decision under review here. In Cook, a petitioner filed in the Morgan Circuit Court what he styled as a petition for a writ of habeas corpus. The filing, however, was, in substance, a petition for a writ of certiorari seeking review of ADOC's decision denying that petitioner correctional incentive time, which should have been filed in Montgomery County. ADOC did not object to improper venue in the Morgan Circuit Court, nor did it raise the issue of improper venue on appeal to the Court of Criminal Appeals after the Morgan Circuit Court had ruled against ADOC. Cook, 390 So. 3d at 1169 (Minor, J., concurring in the result)("[ADOC] did not

_____

did not request that he be freed from an improper restraint of his liberty at any point below.

25

challenge venue in the Morgan Circuit Court and has not challenged it on appeal."). Even though the issue was not raised at any time, the Court of Criminal Appeals, sua sponte, raised the issue of improper venue and reversed the Morgan Circuit Court's judgment on that basis alone. As he did in Booth, Judge Minor concurred in the result under the presumption that Edwards and Pinkard supported the Court of Criminal Appeals' decision. See Cook, 390 So. 3d at 1168-69 (Minor, J., concurring in the result). As explained above, however, neither Edwards nor Pinkard support reversing a circuit court's decision based on the waived issue of improper venue, and they certainly do not support the idea that an appellate court may, sua sponte, raise the issue and reverse on that basis alone. Our reversal of the Court of Criminal Appeals' decision in the present case is, for all intents and purposes, an overruling of the decision in Cook. ADOC's reliance on Cook is not persuasive.

Conclusion

Based on the foregoing, we conclude that the Court of Criminal Appeals' decision reversing the Bibb Circuit Court's judgment is in conflict with Ex parte Culbreth and Ex parte Tanksley. The requirement in § 6-3-9 that an action commenced thereunder be commenced in

26

Montgomery County pertains to venue, and ADOC waived its objection to improper venue by not raising it until doing so for the first time on appeal. Therefore, the judgment of the Court of Criminal Appeals is reversed, and the case is remanded to that court for proceedings consistent with this opinion.

REVERSED AND REMANDED.

Parker, C.J., and Shaw, Bryan, Sellers, Stewart, and Cook, JJ., concur.

Mitchell, J., dissents, with opinion, which Wise, J., joins.

MITCHELL, Justice (dissenting).

The Court of Criminal Appeals reversed the Bibb Circuit Court's judgment in favor of Joshua Lashawn Booth, holding that he had filed his petition in the wrong venue. Booth then petitioned this Court for certiorari review, and we issued the writ to consider his argument that the Court of Criminal Appeals' decision conflicts with Ex parte Culbreth, 966 So. 2d 910 (Ala. 2006), and Ex parte Tanksley, 418 So. 2d 94 (Ala. 1982).

Having reviewed the record, I would now quash that writ as having been improvidently granted because, in my view, neither case cited by Booth conflicts with the Court of Criminal Appeals' decision. I therefore respectfully dissent.

Wise, J., concurs.